# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF VIRGINIA and DARRYL BONNER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CHARLES JUDD, *et al.*, | ) ) |
| Defendants. | ) ) |

Civil Action No.: 3:12-cv-367-JAG

## ANSWER OF CHARLES JUDD, KIMBERLY BOWERS and DON PALMER

Charles Judd, Kimberly Bowers and Don Palmer, members of the Virginia State Board of Elections, in their official capacities, (collectively, the "defendants"), by counsel, submit their Answer to the Verified Complaint filed by the Libertarian Party of Virginia and Darryl Bonner (collectively, the "plaintiffs") and state as follows:

1.   Defendants admit that Virginia Code Ann. § 24.2-543 requires that petition circulators be residents of the Commonwealth of Virginia, that plaintiffs challenge this provision, and seek declaratory as well as preliminary and permanent injunctive relief.  Defendants deny all other allegations contained in paragraph 1 of the Verified Complaint.  Defendants aver that the Virginia residency requirement for petition circulators is a valid exercise of the Commonwealth's constitutional authority.  *See* U.S. Const. art. I, § 4, cl. 1.

2.   Defendants admit the allegations contained in paragraph 2 of the Verified Complaint.

3.   Defendants admit the allegations contained in paragraph 3 of the Verified Complaint.

4.     Defendants admit the allegations contained in paragraph 4 of the Verified Complaint.

5.     Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 5 of the Verified Complaint, and therefore deny the same.

6.     Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 6 of the Verified Complaint, and therefore deny the same.

7.     With respect to the allegations contained in paragraph 7 of the Verified Complaint, defendants admit that Charles Judd serves as the Chairman of the Virginia State Board of Elections, and is sued in his official capacity only.  Defendants aver that the referenced sections of the Code of Virginia speak for themselves.

8.     With respect to the allegations contained in paragraph 8 of the Verified Complaint, defendants admit that Kimberly Bowers serves as the Vice-Chairwoman of the Virginia State Board of Elections, and is sued in her official capacity only.  Defendants aver that the referenced sections of the Code of Virginia speak for themselves.

9.     With respect to the allegations contained in paragraph 9 of the Verified Complaint, defendants admit that Don Palmer serves as the Secretary of the Virginia State Board of Elections, and is sued in his official capacity only.  Defendants aver that the referenced sections of the Code of Virginia speak for themselves.

10.    With respect to the allegations contained in paragraph 10 of the Verified Complaint, defendants admit that LPVA has not received 10 percent of the total votes cast for a statewide office in either of the last two statewide general elections.  Defendants also aver that the referenced sections of the Code of Virginia speak for themselves.

11. With respect to the allegations contained in paragraph 11 of the Verified Complaint, defendants aver that the referenced sections of the Code of Virginia speak for themselves.

12. With respect to the allegations contained in paragraph 12 of the Verified Complaint, defendants aver that the referenced Act of Assembly speaks for itself.

13. With respect to the allegations contained in paragraph 13 of the Verified Complaint, defendants admit that Virginia law requires that petition signatures be witnessed by a resident of the Commonwealth of Virginia to be accorded effect in obtaining entry on the ballot. Defendants deny all other allegations contained in paragraph 13 of the Verified Complaint.

14. Defendants admit that Virginia law requires that "[t]he petition shall be filed with the State Board by noon of the seventy-fourth day before the presidential election," which is August 24, 2012. Defendants deny all other allegations contained in paragraph 14 of the Verified Complaint.

15. Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 15 of the Verified Complaint, and therefore deny the same.

16. Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 16 of the Verified Complaint, and therefore deny the same.

17. With respect to the allegations contained in paragraph 17 of the Verified Complaint, defendants admit that Virginia's congressional redistricting plan, contained in Va. Code Ann. § 24.2-302.2, received pre-clearance by the United States Department of Justice on March 14. Defendants are without sufficient information and belief to affirm the remaining allegations contained in paragraph 17 of the Verified Complaint and accompanying footnote, and therefore deny the same. Defendants aver that the LPVA's delay is of their own doing, as was

LPVA's reliance on HB 1151 that was amended by the Governor, and these actions by LPVA are not chargeable to the defendants.

18. Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 18 of the Verified Complaint, and therefore deny the same.

19. With respect to the allegations contained in paragraph 19 of the Verified Complaint, defendants admit that Virginia law requires that petition signatures be witnessed by a resident of the Commonwealth of Virginia to be accorded effect in obtaining entry on the ballot. Defendants are without sufficient information and belief to affirm the allegations contained in paragraph 19 of the Verified Complaint, and therefore deny the same.

20. With respect to the allegation contained in paragraph 20 of the Verified Complaint, the allegation calls for a legal conclusion to which no response is required. To the extent one is required, the allegation is denied.

21. With respect to the allegations contained in paragraph 21 of the Verified Complaint, the allegations call for legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations contained in paragraph 21 of the Verified Complaint.

22. With respect to the allegations contained in paragraph 22 of the Verified Complaint, the allegations call for legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations contained in paragraph 22 of the Verified Complaint.

23. With respect to the allegations contained in paragraph 23 of the Verified Complaint, the allegations call for legal conclusion to which no response is required. Insofar as a

response is required, defendants deny the allegations contained in paragraph 23 of the Verified Complaint.

24. With respect to the allegations contained in paragraph 24 of the Verified Complaint, the allegations call for legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations contained in paragraph 24 of the Verified Complaint. Defendants aver that the Virginia residency requirement for petition circulators is amply justified by the Commonwealth's compelling interest in protecting the integrity of the process by which candidates gain access to the ballot.

25. With respect to the allegations contained in paragraph 25 of the Verified Complaint, the allegations call for legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations contained in paragraph 25 of the Verified Complaint. Defendants aver that the Virginia residency requirement for petition circulators is properly and narrowly tailored to advance the Commonwealth's interest in protecting the integrity of the ballot access process by enabling the deterrence and punishment of election fraud, for the Commonwealth's subpoena power provides the only means by which fraud prohibitions may be enforced.

26. Defendants admit the allegations contained in paragraph 26 of the Verified Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Verified Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Verified Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Verified Complaint.

30. With respect to the allegations contained in paragraph 30 of the Verified Complaint, defendants re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

31. With respect to the allegation contained in paragraph 31 of the Verified Complaint, the allegation calls for a legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegation.

32. With respect to the allegations contained in paragraph 32 of the Verified Complaint, the allegations call for a legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations.

33. With respect to the allegations contained in paragraph 33 of the Verified Complaint, the allegations call for a legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations. Defendants aver that the Virginia residency requirement for petition circulators is properly and narrowly tailored to advance the Commonwealth's interest in protecting the integrity of the ballot access process by enabling the deterrence and punishment of election fraud, for the Commonwealth's subpoena power provides the only means by which fraud prohibitions may be enforced.

34. With respect to the allegations contained in paragraph 34 of the Verified Complaint, the allegations call for a legal conclusion to which no response is required. Insofar as a response is required, defendants deny the allegations. Defendants aver that the Virginia residency requirement for petition circulators is amply justified by the Commonwealth's

compelling interest in protecting the integrity of the ballot access process, which is furthered when petition circulators may be subpoenaed by the Commonwealth for acts of election fraud.

35. Except as expressly admitted above, defendants deny all allegations contained in plaintiffs' Verified Complaint. Defendants aver that plaintiffs are not entitled to the relief they seek.

WHEREFORE, defendants pray that the Verified Complaint be dismissed and that the Court order such further relief to defendants as the ends of justice may require.

                                       Respectfully submitted,

                                       CHARLES JUDD, KIMBERLY BOWERS and
                                       DON PALMER, in their official capacities

                                            /s/
                                       E. Duncan Getchell, Jr.
                                       Solicitor General of Virginia
                                       (VSB No. 14156)
                                       Office of the Attorney General
                                       900 East Main Street
                                       Richmond, Virginia 23219
                                       (804) 786-7240 – Telephone
                                       (804) 371-0200 – Facsimile
                                       dgetchell@oag.state.va.us
                                       *Counsel for Defendants Judd,*
                                       *Bowers and Palmer*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

E. Duncan Getchell, Jr., VSB #14156
Solicitor General of Virginia
E-mail: dgetchell@oag.state.va.us

Wesley G. Russell, Jr., VSB #38756
Deputy Attorney General
E-mail: wrussell@oag.state.va.us

Joshua N. Lief, VSB # 37094
Senior Assistant Attorney General
E-mail: jlief@oag.state.va.us

Michael H. Brady, VSB #78309
Assistant Attorney General
E-mail: mbrady@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for Plaintiffs:

Rebecca K. Glenberg, Esquire,
VSB No. 44099
American Civil Liberties Union of Virginia Foundation, Inc.
503 East Main Street, Suite 310
Richmond, Virginia  23219
Phone:  (804) 644-8080
Fax:  (804) 649-2733
rglenberg@acluva.org

Katie O'Connor, Esquire (*pro hac vice* pending)
American Civil Liberties Union Foundation, Inc.
230 Peachtree Street, NW, Suite 1440
Atlanta, Georgia 30303
Phone: (404) 523-2721
Fax: (404) 653-0331
koconnor@aclu.org

                                                   /s/
                                      E. Duncan Getchell, Jr.
Solicitor General of Virginia
(VSB No. 14156)
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
dgetchell@oag.state.va.us
*Counsel for Defendants Judd, Bowers and Palmer*